UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN GOOKINS,<br>RICHARD RECTENWAL,<br>INDIANA PRECAST, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:19-cv-00867-JPH-MJD<br>) |
| COUNTY MATERIALS CORP.,<br>CENTRAL PROCESSING CORP., | )<br>)<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on a *Motion to Dismiss for Failure to State a Claim*, filed by County Materials Corp. and Central Processing Corp. ("Defendants"). [Dkt. 36.] Defendants ask this Court to dismiss all three claims brought by Ryan Gookins, Richard Rectenwal, and Indiana Precast, Inc. ("Plaintiffs"). [Dkt. 37 at 1-2.] On June 19, 2019, District Court Judge James Patrick Hanlon designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 53.] For the reasons set forth below, the Magistrate Judge recommends Defendants' *Motion to Dismiss for Failure to State a Claim* be **GRANTED IN PART** and **DENIED IN PART**. Also before the Court is Plaintiff's *Motion for Leave to Supplement Plaintiffs' Response* [Dkt. 49], which was not opposed. The Court **GRANTS** Plaintiffs' Motion [Dkt. 49] and has considered the supplemental filing in resolving Defendants' *Motion to Dismiss for Failure to State a Claim*.

1

## I. Background

This is an action to recover damages incurred by Plaintiffs for defending prior litigation in a lawsuit filed by Defendants. In the previous suit, Defendants filed a Complaint in this Court on June 14, 2016. [*See* No. 1:16-cv-01456-TWP-MJD, Dkt. 1 (S.D. Ind. June 14, 2016).] The suit asserted five claims, including: (1) breach of Gookins' confidentiality agreement; (2) breach of Rectenwal's confidentiality and non-competition agreements; (3) breach of fiduciary duty of loyalty owed to employer (against Gookins); (4) tortious interference with contractual relationships (against all Defendants); and (5) tortious interference with business relationships (against all Defendants). However, the Complaint was dismissed without prejudice on *forum non conveniens* grounds because of forum selection clauses in Defendants' contracts with Gookins and Rectenwal. [Dkt. 37. at 5.] In response, Defendants then filed the same Complaint in Hancock County on February 3, 2017. [Dkt. 37. at 6.] The case proceeded to trial, and Plaintiffs received favorable jury verdicts as to each of Defendants' claims. [Dkt. 37. at 7.] Defendants appealed the court's decision on February 4, 2019. [Dkt. 37 at 7.]

Next, Plaintiffs filed post-judgment motions for attorneys' fees, which were granted but subsequently vacated on April 26, 2019, after the court determined that it lacked jurisdiction to grant the fees. [Dkt. 37 at 7-8.] In response, Plaintiffs filed a *Motion to Dismiss Appeal or, in the Alternative, to Stay Appeal and Remand for Further Proceedings* on April 30, 2019. [Dkt. 49-1 at 2.] On May 31, 2019, the Indiana Court of Appeals granted Plaintiffs' Motion and dismissed Defendants' appeal without prejudice and remanded to the trial court to resolve the fee orders. [Dkt. 49-1 at 13-14.] Lastly, on June 7, 2019, Plaintiffs filed a *Verified Motion to Reinstate the Fee Orders*. [Dkt. 49-1 at 15.]

As a result of the February 3, 2017 lawsuit, Plaintiffs filed the present suit on February 1, 2019 in the Hancock Superior Court before it was removed to this Court on February 28, 2019. [Dkt. 1.] Plaintiffs allege three Counts in the Amended Complaint filed on April 25, 2019: (1) abuse of process under Indiana common law; (2) civil damages under Indiana's Crime Victims' Relief Act allegedly arising from Defendants' commission of criminal deception; and (3) two separate causes of action under common law conversion and criminal conversion under I.C. § 35-43-5-3(a)(2). [Dkt. 29.]

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the 12(b)(6) stage, all of the "factual allegations contained in the complaint" must be "accepted as true." *Twombly*, 550 U.S. at 572. Furthermore, well-pled facts are viewed in the light most favorable to the non-moving party. *See Ashcroft*, 556 U.S. at 678; *United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). But "legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). Moreover, the Court is not required to accept

as true "a legal conclusion couched as a factual allegation." *Bonte v. U.S. Bank, Nat'l Ass'n*, 624 F.3d 461, 465 (7th Cir. 2010).

### III. Discussion

#### A. Statute of Limitations

Defendants argue that both Counts I and II (Plaintiffs' abuse of process and deception claims) are barred by the applicable statutes of limitations. [Dkt. 37 at 9.] First, Indiana common law claims for abuse of process have a two-year statute of limitations under I.C. § 34-11-2-4. *See, e.g.*, *Yoost v. Zalcberg*, 925 N.E.2d 763, 771 (Ind. Ct. App. 2010). Second, civil damages under Indiana's Crime Victims' Relief Act ("CVRA") also have a two-year statute of limitations. *See, e.g.*, *In re Rose*, 585 F.3d 306, 309 (7th Cir. 2009). Further, under Indiana law, a claim for abuse of process accrues when the act complained of is committed. *Strutz v. McNagny*, 558 N.E.2d 1103, 1106 (Ind. Ct. App. 1990). Therefore, Defendants assert that Plaintiffs' filing the original suit in federal court on June 17, 2016 started the statute of limitations period. As a result, the lawsuit is barred by the statute of limitations. Alternatively, Defendants argue that "assuming *arguendo* that Indiana's discovery rule applies on the facts of this case, Plaintiffs' abuse-of-process claim accrued when each became aware of Defendants' claims in the Federal Court Lawsuit, which occurred sometime before August 4, 2016, when Plaintiffs jointly moved to dismiss the Federal Court Lawsuit for *forum non conveniens*." [Dkt. 37 at 11.] Lastly, Defendants assert that Count II began at the latest August 4, 2016, when Plaintiffs jointly moved to dismiss the Federal Court Lawsuit for *forum non conveniens*. [Dkt. 37 at 16.]

In response, Plaintiffs argue that "each lawsuit is a separate process." [Dkt. 45 at 3.] In addition, Plaintiffs provide examples of similar situations to the one at hand to show that the new suit is not a continuation, but rather a separate and independent event giving rise to separate and independent claims. [Dkt. 45 at 3.]

While "a claim for abuse of process accrues when the act complained of . . . is committed" the underlying issue in the present case is Defendants' filing of the suit in Hancock County on February 3, 2017. *Strutz,* 558 N.E.2d at 1106. Although the original action was filed in federal court on June 17, 2016, the action was *dismissed without prejudice* on *forum non conveniens* grounds. Significantly, the case was not remanded, but rather was dismissed. Therefore, the filing of the new suit in Hancock County started the statute of limitations period for claims arising out of the new lawsuit.

Importantly, Seventh Circuit cases have held that "a dismissal without prejudice is treated for statute of limitations purposes as if suit had never been filed." *See Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003). While *Muzikowski* deals with a litigant who originally filed suit within the statute of limitations period, but whose case was later dismissed and was consequently barred from re-asserting the same claim because of the statute of limitations, the basic principle is applicable to the case at hand. *Id.* It does not make sense to this Court for dismissal to have no effect on tolling the statute of limitations but have a conclusive impact on starting the statute of limitations period.

The court in *Ramona Inv. Grp. v. United States* took a similar position. 115 Fed. Cl. 704, 708 (2014). In *Ramona Inv. Grp.*, the court determined that when a plaintiff filed suit against the U.S. Government that was later voluntarily dismissed, the effect was to nullify the proceedings and leave the parties as if the action had never been brought. *Id.* There, the Government

5

repudiated, using the Emergency Low Income Housing Preservation Act of 1987 ("ELIHPA"), certain loan agreements made under § 515 of the Housing Act of 1949. *Id.* at 706. Importantly, because the ELIHPA constitutes only a renunciation of future obligations, it did not ripen into an immediate breach in any particular case until the borrower either (1) attempted prepayment or (2) filed suit. *Id.* Thus, either scenario would start the running of the six-year statute of limitations. *Id.* The plaintiff filed suit in 2004 and in 2006 requested a prepayment date of July 1, 2007. *Id.* However, the rules prevented double compensation, so the plaintiff decided to pursue the prepayment option, and through a joint stipulation filed pursuant to Rule 41(a)(1) of the Rules of the U.S. Court of Federal Claims, voluntarily dismissed the claims without prejudice in 2007. *Id.* Later, the plaintiff was notified that the Government would no longer offer any incentives in exchange for continued participation in the § 515 program. *Id.* at 707. Therefore, in 2012, the plaintiff filed a complaint based on the same factual allegations and stated the same causes of action as in the first action from 2004. *Id.* The court concluded that "in general, the effect of such a voluntary dismissal is to render the proceedings a nullity and leave the parties as if the action had never been brought." *Id.* (internal citation omitted). Notably, the court stated that "it strikes this Court as logically incoherent and patently unfair to find that a dismissed suit has a decisive legal effect on starting the statute of limitations period, but zero effect on its tolling." *Id.* at 708. Thus, the plaintiff was not barred from bringing her suit by the statute of limitations, and the limitations period began when the plaintiff attempted prepayment in July 2007. *Id.*

Further, Defendants primarily rely on *Yoost v. Zalcberg*, where the Indiana Court of Appeals refused to apply the continuing violation doctrine to toll the commencement of the statute of limitations for an abuse of process claim. 925 N.E.2d at 771. Yet, in *Yoost* there was no previous suit that had been dismissed like in the current case. Additionally, as demonstrated

above and in Plaintiffs' argument, this is not the continuation of a suit, but rather a new suit or process because the previous lawsuit was *dismissed without prejudice*. Thus, the suit in Hancock County was a new affirmative act. Moreover, Defendants filed suit not only based on the complaint, but also alleged abuses in discovery and subsequent filings. Therefore, because the suit filed in Hancock County on February 3, 2017 was a new suit, the statute of limitations began to run no earlier than that date, and Plaintiffs are not barred from bringing Counts I and II by the statute of limitations.

### B. Compulsory Counterclaims

Defendants next argue that "Counts I and II must also be dismissed because each was a compulsory counterclaim that Plaintiffs failed to assert in the Hancock County lawsuit." [Dkt. 37 at 16.] Plaintiffs counter and maintain that the claims are not compulsory counterclaims. They argue that Counts I and II "did not arise out of the same transaction or occurrence which was the subject matter of the Hancock County Complaint." [Dkt. 45 at 5.] Moreover, "Counts I and II were not mature at the time the responsive pleading was due in the state court lawsuit ("Hancock County Lawsuit") in February 2017." [Dkt. 45 at 5.]

Under Indiana law, a counterclaim is compulsory and therefore barred under Trial Rule 13(A) if not asserted in the initial action when:

> (1) it arose out of the same transaction or occurrence which is the subject of the initial claim;
> (2) it was mature at the time the counterclaimant was required to file his responsive pleading in the initial action;
> (3) it did not require the presence of third parties over whom the trial court lacked jurisdiction; and,
> (4) it was filed after the initial claim was reduced to judgment.

*Estate of McCullough*, 492 N.E.2d 1093, 1095-96 (Ind. Ct. App. 1986).

Furthermore, under Indiana law, "the phrase 'transaction or occurrence' is to be given a broad definition so as to effectuate the rule's intended purpose of avoiding multiple lawsuits between the same parties arising from the same event or events." *Id.* at 1096. Indiana courts "have adopted the position that two causes of action arise from the same transaction or occurrence when there is a logical relationship between them." *Id.* The Indiana Court of Appeals has described this "logical relationship" as "existing when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serve as the basis for both claims or the aggregate core of facts upon which the claim rests activates additional legal rights of the defendant." *Id.*

Here, the facts of Count I and II in the current case do not arise out of the same "transaction or occurrence" as the Hancock County lawsuit. The Hancock County Complaint pleaded issues related to conduct that occurred before June 2016, including: (1) conduct which was related to when Rectenwal and Gookins were employed by Independent Concrete in 2014, (2) while they were employed by Central and assigned to work at County from December 2014 through early 2015, and (3) when they were working at Indiana Precast in 2016. [Dkt. 45 at 5.] The claims raised by Plaintiffs in the Amended Complaint are grounded on Defendants' actions in and after February, 2017. The Amended Complaint included issues regarding Defendants' filing the Hancock County Complaint in February 2017, alleged discovery abuses, motion practice, and trial. Accordingly, the previous Hancock County lawsuit and the current suit are two different issues arising out of a different set of facts. The previous Hancock County suit was based on employment issues, while the current Amended Complaint was based on the previous complaint, subsequent filings in court, and issues that occurred **after** the employment disputes.

Consequently, the asserted claims do not arise out of the same transaction or occurrence

and are not compulsory counterclaims. Thus, because the claims are not based on the same transaction or occurrence, the Court does not need to discuss the second issue regarding the maturity of the claims. Defendants did not argue that Counts I and II did not state a claim for which relief could not be granted. Significantly, because Plaintiffs did not raise this argument, it has been waived. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.").

C. **Common Law Conversion and Criminal Conversion**

Defendants' last assertion is that Count III—two separate causes of action under common law conversion and criminal conversion under I.C. § 35-43-5-3(a)(2)— was preempted by the Indiana Uniform Trade Secrets Act ("IUTSA") or in the alternative, Count III should be dismissed as Plaintiffs cannot state a claim upon which relief could be granted. [Dkt. 37 at 2.] Count III asserts that both County and Central exercised unauthorized control over Gookins' and Rectenwal's property, which deprived Gookins and Rectenwal of the full use of their property to their detriment and damage. [Dkt. 37 at 22.] Defendants claim that "Plaintiffs do not and cannot assert that either Gookins or Rectenwal was deprived of his property by Central or County." [Dkt. 37 at 28.] In response, Plaintiffs argue that the "Amended Complaint set forth the property of Ryan and Richie, including their knowledge, skill, expertise, industry information and know-how, which Defendants converted by intentionally exerting unauthorized control, asserting ownership over, extending a claim of right to such property and depriving Ryan and Richie of the full use of their property to their detriment." [Dkt. 45 at 8.] Specifically, the Amended Complaint stated that Defendants "initiated and advanced the Lawsuit based on intentional,

9

malicious and knowingly false oral and/or written statements that County owned the knowledge, skills, know-how, relationships, *etc*., of Ryan and Richie, whether in their brain or otherwise, and that Ryan and Richie could not use such property for Indiana Precast and was liable for the use thereof." [Dkt. 29 at 30.]

A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Using the standard laid out in *Ashcroft*, Plaintiffs' claim is not plausible on its face. Plaintiffs need to plead specific facts and information on what was taken, and how it was taken. Here, Plaintiffs simply state that Defendants deprived Plaintiffs of "knowledge, skills, know-how, relationships" possessed "in their brain or otherwise" through "false statements." Plaintiffs point to paragraphs 73, 101, 202, and 203 as support for their argument. However, these paragraphs do not lay out facts that allow the Court to draw a reasonable inference that Defendants are liable for the claims set forth in Count III. Because of the insufficiency of the pleaded facts, the Court is not able to address the merits of the IUTSA preemption claims at this time. Therefore, the Magistrate Judge recommends that this claim be dismissed without prejudice and that Plaintiffs be given the opportunity to re-plead sufficient facts.

### IV. Conclusion

A Rule 12(b)(6) motion to dismiss is a test of the sufficiency of the pleadings, not of the merits of those claims. Thus, no matter how unpromising the initial pleading appears, Plaintiffs are entitled to an opportunity to attempt to correct the deficiencies discussed above with regard to Count III. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citation omitted).

10

Therefore, based on the discussion above, the Magistrate Judge recommends that the Court **DENY** Defendants' *Motion to Dismiss* Counts I and II, and **GRANT** Defendants' *Motion to Dismiss* Count III. With regard to Count III, the Magistrate Judge further recommends that Plaintiffs be allowed to file a motion for leave to amend their Complaint **within 14 days of the final resolution of the motion to dismiss.**

Any objections to the Magistrate Judge's Report and Recommendation must be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and failure to timely file objections **within fourteen days** after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 18 JUL 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Terri L. Bruksch
BARNES & THORNBURG, LLP (Indianapolis)
tbruksch@btlaw.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Michael C. Cooley
ALLEN WELLMAN MCNEW HARVEY
mcc@awmh.net

Kevin Gerald Harvey
ALLEN WELLMAN MCNEW HARVEY LLP
kgh@awmh.net

Jessica C. Mederson
HANSEN REYNOLDS LLC
jmederson@hansenreynolds.com

Thomas Storrs Reynolds, II
HANSEN REYNOLDS LLC
treynolds@hansenreynolds.com

Clifford R. Whitehead
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
cwhitehead@zsws.com