UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN GOOKINS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:19-cv-00867-JPH-MJD |
| | ) |
| COUNTY MATERIALS CORP., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO STAY**

This matter is before the Court on the Defendants' Motion to Stay or, in the Alternative, for a Protective Order [Dkt. 39] in which they seek to avoid responding to discovery requests and scheduling depositions until their pending motion to dismiss is resolved. The Magistrate Judge recently has recommended that the motion to dismiss be granted in part and denied in part. For the reasons set forth below, the Magistrate Judge now **DENIES** the motion so stay and orders that discovery proceed.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court may stay a matter through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See, e.g., E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11 cv 265, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012). "[The court should] balance interests favoring a stay against interests frustrated by the action in light of the

court's paramount obligation to exercise jurisdiction timely in cases properly before it." *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 1:13-cv- 02009-TWP-MJD, 2015 WL 3961221 (S.D. Ind. June 30, 2015) (internal citation omitted). "Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 1:14-cv-01589, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013)). District courts have "extremely broad discretion" in weighing these factors in deciding whether a stay should issue. *Robinson*, 2015 WL 3961221, at *1. Filing a motion to dismiss does not automatically stay discovery, and the Court is not required to grant a motion to stay discovery pending a ruling on a motion to dismiss. *See, e.g., New England Carpenters*, 2013 WL 690613, at *3. Although such stays are sometimes granted, *id.*, a party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

The Defendants' motion to stay is premised on their confidence that their motion to dismiss will be granted, thereby rendering any discovery unnecessary. However, the Magistrate Judge now has recommended that the motion to dismiss be denied in part and that the Plaintiffs be given the opportunity to replead with regard to the remaining claim. While that ruling will not become final unless and until it is adopted by the District Judge, the Magistrate Judge does not believe that it is appropriate for all discovery to grind to a halt in the meantime. District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously. S*ee, e.g., James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); see also Fed. R. Civ. P. 1 ("[These rules] should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). This case was filed in state court over five months ago, and the Defendants have not met their burden of persuading the Court that the chance of their motion to dismiss being granted in its entirety outweighs the interest in moving this matter forward. Therefore, the Court will exercise its discretion to **DENY** the Defendants' motion to stay.

As to any outstanding discovery request that was served prior to July 3, 2019, responses shall be served by **August 1, 2019**. Any discovery requests that were served on or after July 3, 2019, shall be responded to within 30 days of the date they were served.

SO ORDERED.

Dated: 18 JUL 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.