UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN GOOKINS,<br>RICHARD RECTENWAL,<br>INDIANA PRECAST, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY MATERIALS CORP.,<br>CENTRAL PROCESSING CORP.,<br><br>    Defendants. | No. 1:19-cv-00867-JPH-MJD |

**ORDER OVERRULING PLAINTIFFS' OBJECTION, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Magistrate Judge Mark Dinsmore has entered a Report and Recommendation recommending that the Court deny Defendants' motion to dismiss Counts I and II, and grant Defendants' motion to dismiss Count III. Dkt. [56]. Plaintiffs object to the recommendation to dismiss Count III. Dkt. [58]. For reasons stated below, the Court **OVERRULES** Plaintiffs' objection, dkt. [58], and **ADOPTS** the Report and Recommendation, dkt. [56]. Defendants' motion to dismiss is therefore **GRANTED in part and DENIED in part**. Dkt. [36].

# I.
# Applicable Law

The Court will review recommendations on dispositive motions *de novo*. Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify the recommended disposition." *Id.*

1

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). But a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.
## The Report and Recommendation

Defendants moved to dismiss Plaintiffs' complaint for failure to state a claim. Dkt. 36. The Magistrate Judge issued a Report and Recommendation, finding that Counts I and II were not barred by the statute of limitations or Trial Rule 13(A). Dkt. 56. The Magistrate Judge further found that Plaintiffs' conversion claim, Count III, was not plausible on its face because Plaintiffs simply stated that "Defendants deprived Plaintiffs of 'knowledge, skills, know-how, relationships' possessed 'in their brain or otherwise' through 'false statements.'" *Id.* at 10. The Magistrate Judge recommended that Count III be dismissed without prejudice and that Plaintiffs be allowed to file a motion for leave to amend their complaint within fourteen days of the final resolution of the motion to dismiss. *Id.* at 11.

The recommended disposition of Counts I and II is not objected to; Plaintiffs object to the recommended disposition of Count III. Dkt. 58.

2

# III.
# Analysis

For purposes of ruling on Plaintiffs' objection, the Court adopts the Magistrate Judge's recitation of the procedural and factual background underlying Plaintiffs' claims. Dkt. 56 at 2–3.

Plaintiffs argue that the complaint, dkt. 29, pleads facially plausible claims for conversion in Count III. Dkt. 58 at 1. Plaintiffs contend that "[b]y alleging that the underlying lawsuit asserted intentional and unauthorized ownership and control of Plaintiffs' knowledge, skill-set and expertise (by way of purchase under the Agreement) and sought a monetary judgment against Plaintiffs for their use of the same, Plaintiffs pled plausible claims for conversion under the Complaint." *Id.* at 4. Further, Plaintiffs assert that paragraphs 96, 101, 178, 184, 187, 202, 203, 241, and 242 of the complaint include "specific facts and information on the unauthorized property, how it was used, and when it was used." *Id.*

"Conversion, as a tort, consists either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's." *Computs. Unlimited v. Midwest Data Sys.*, 657 N.E.2d 165, 171 (Ind. Ct. App. 1995).

As the Magistrate Judge noted, the paragraphs in support of Count III do not lay out facts that allow the Court to draw a reasonable inference that Defendants are liable for conversion. Each of the paragraphs that Plaintiffs

rely upon only repeat that Defendants advanced their previous underlying lawsuit by making statements about owning Plaintiffs' "knowledge, skill-set and expertise." Additionally, while alleging that Defendants appropriated or exercised dominion or control over Plaintiffs' "knowledge, skill-set and expertise," the complaint does not describe what is included in Plaintiffs' "knowledge, skill-set and expertise," or how this knowledge, skills, and expertise were converted. The complaint does not state any set of facts that amount to a tortious or criminal conversion by Defendants.

## IV.
## Conclusion

For the reasons explained above, Plaintiffs' objection to the Report and Recommendation on Defendants' motion to dismiss is **OVERRULED**, dkt. [58], and the Magistrate Judge's Report and Recommendation is **ADOPTED** in full, dkt. [56]. Defendants' motion to dismiss is therefore **GRANTED in part and DENIED in part**. Dkt. [36].

Plaintiffs may file a motion for leave to amend their complaint by **November 26, 2019**.

**SO ORDERED.**

Date: 11/12/2019

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Terri L. Bruksch
BARNES & THORNBURG, LLP (Indianapolis)
tbruksch@btlaw.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Joseph J. Jacobi
HANSEN REYNOLDS LLC
jjacobi@hansenreynolds.com

Jessica C. Mederson
HANSEN REYNOLDS LLC
jmederson@hansenreynolds.com

Danielle M. Nardick
HANSEN REYNOLDS LLC
dnardick@hansenreynolds.com

Thomas Storrs Reynolds, II
HANSEN REYNOLDS LLC
treynolds@hansenreynolds.com

John Patrick Shanahan
HANSEN REYNOLDS LLC
jshanahan@hansenreynolds.com

Clifford R. Whitehead
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
cwhitehead@zsws.com