UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN GOOKINS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:19-cv-00867-JPH-MJD |
| COUNTY MATERIALS CORP., et al., | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR LEAVE TO AMEND**

This matter is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint [Dkt. 85], as supplemented by [Dkt. 94]. For the reasons set forth below, the motion is **DENIED**.

**I. BACKGROUND**

This is an action to recover damages incurred by Plaintiffs as a result of a lawsuit filed by Defendants. In the prior lawsuit, Defendants asserted a variety of claims against Plaintiffs Ryan Gookins, Richard Rectenwal, and Indiana Precast, Inc., that arose out of the fact that Gookins and Rectenwal left the employ of Defendants[1] and went to work for Defendant Indiana Precast, a competing business in which Gookins and Rectenwal had an ownership interest. That case went to trial and was resolved in favor of Plaintiffs; the issue of attorneys' fees in that matter remains pending before the state court.

---

[1] Gookins and Rectenwal were both employed by Defendant Central Processing Corp., a human resources management company, and were assigned to work for Defendant County Materials Corp.

In the First Amended Complaint in this case, Plaintiffs asserted three Counts: (1) a claim for abuse of process under Indiana common law; (2) a claim for damages under Indiana's Crime Victims' Relief Act (the "ICVRA"), Ind. Code § 34-24-3-1, based upon Defendants' alleged commission of criminal deception; and (3) claims for civil conversion and for damages under the ICVRA based upon Defendants' alleged commission of criminal conversion. [Dkt. 29.] The undersigned issued a Report and Recommendation, which ultimately was adopted by Judge Hanlon, that denied the motion to dismiss as to Counts I and II and granted the motion to dismiss as to Count III. [Dkt. 56, Dkt. 82.]

## II. DISCUSSION

In the instant motion, Plaintiffs seek leave to amend their complaint to replead Count III. Plaintiffs were given leave to file a motion to amend with regard to Count III because "'[u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss.'" *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). However, "[d]istrict courts may deny leave to amend when such amendment would be futile." *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684–85 (7th Cir. 2018) (citing, *e.g.*, *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where . . . the amendment would be futile.'") (quoting *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008))). Defendants argue that permitting Plaintiffs to file their proposed Second Amended Complaint would be futile. The Court agrees.

In their First Amended Complaint, Plaintiffs alleged in Count III that Defendants committed civil and criminal conversion by "knowingly and intentionally exercis[ing]

2

unauthorized control over [Gookins' and Rectenwal's] property" and "intentionally and without right and consent deprived [Gookins and Rectenwal] of the full use of their property to their detriment and damage." [Dkt. 29 at 38.] In their response to Defendants' motion to dismiss, Plaintiffs explained that "Paragraphs 101, 202 and 203 of the Amended Complaint set forth the property of [Gookins and Rectenwal], including their knowledge, skill, expertise, industry information and know-how, which Defendants converted by intentionally exerting unauthorized control, asserting ownership over, extending a claim of right to such property and depriving [Gookins and Rectenwal] of the full use of their property to their detriment." [Dkt. 45 at 8.] In their objection to the Report and Recommendation, Plaintiffs additionally pointed to paragraphs 96, 178, 184, 187, 241, and 242 of the First Amended Complaint as asserting "specific facts and information on the unauthorized property, how it was used, and when it was used." [Dkt. 58 at 4.] Judge Hanlon found as follows:

> As the Magistrate Judge noted, the paragraphs in support of Count III do not lay out facts that allow the Court to draw a reasonable inference that Defendants are liable for conversion. Each of the paragraphs that Plaintiffs rely upon only repeat that Defendants advanced their previous underlying lawsuit by making statements about owning Plaintiffs' "knowledge, skill-set and expertise." Additionally, while alleging that Defendants appropriated or exercised dominion or control over Plaintiffs' "knowledge, skill-set and expertise," the complaint does not describe what is included in Plaintiffs' "knowledge, skill-set and expertise," or how this knowledge, skills, and expertise were converted. The complaint does not state any set of facts that amount to a tortious or criminal conversion by Defendants.

Dkt. 82 at 3-4.

Plaintiffs have attempted to eliminate these deficiencies in their proposed Second Amended Complaint. They have added additional descriptions of the property—the "knowledge, skill-set and expertise"—they allege was converted. *See, e.g.*, [Dkt. 94-1 at 37-38]. They also have added allegations that make it clear that they allege that Defendants converted

3

this property by filing and pursuing a lawsuit in which they asserted that Defendants, rather than Plaintiffs, owned the property. By adding these additional factual allegations, Plaintiffs have succeeded in expressing their claims more clearly than they did in their First Amended Complaint. However, they also have made it clear that their conversion claim could not withstand a motion to dismiss and is, therefore, futile.

Under Indiana law, "[c]onversion, as a tort, consists either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's." *Computers Unlimited, Inc. v. Midwest Data Sys., Inc.*, 657 N.E.2d 165, 171 (Ind. Ct. App. 1995). With regard to criminal conversion, "[a] person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor." Ind. Code § 35-43-4-3(a). "[E]xert control over property" means to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property." Ind. Code § 35-43-4-1(a). Plaintiffs do not allege that Defendants did any of these things. By filing their lawsuit, Defendants sought a judgment from a court that they owned the property at issue, but simply alleging that one owns property is not an exertion of control over that property. Defendants asserted in court that they had a right to control the property at issue, but at no time did Defendants actually exercise control over the property or prevent Plaintiffs from doing so. Accordingly, taking all of the facts asserted in the proposed Second Amended Complaint as true, Defendants alleged actions do not satisfy the definition of criminal or civil conversion, and Plaintiffs' conversion claim fails as a matter of law.

## III.  CONCLUSION

Because permitting the amendment proposed by Plaintiffs would be futile, Plaintiffs' Motion for Leave to File Second Amended Complaint [Dkt. 85] as supplemented [Dkt. 94] is **DENIED**.

    SO ORDERED.

Dated:  10 DEC 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.