UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN GOOKINS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:19-cv-00867-JPH-MJD |
| COUNTY MATERIALS CORP., et al., | ) |
| Defendants. | ) |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiffs' motion to compel [Dkt. 87]. For the reasons set forth below, the motion is **GRANTED**.

**I. BACKGROUND**

This is an action to recover damages incurred by Plaintiffs as a result of a lawsuit filed by Defendants (hereinafter the "Underlying Suit"). In the Underlying Suit, Defendants asserted a variety of claims against Plaintiffs Ryan Gookins, Richard Rectenwal, and Indiana Precast, Inc., that arose out of the fact that Gookins and Rectenwal left the employ of Defendants[1] and went to work for Defendant Indiana Precast, a competing business in which Gookins and Rectenwal had an ownership interest. The Underlying Suit went to trial and was resolved in favor of Plaintiffs; the issue of attorneys' fees remains pending before the state court. In this case, Plaintiffs assert a claim against Defendants for abuse of process under Indiana common law and a claim for

---

[1] Gookins and Rectenwal were both employed by Defendant Central Processing Corp., a human resources management company, and were assigned to work for Defendant County Materials Corp.

damages under Indiana's Crime Victims' Relief Act (the "ICVRA"), Ind. Code § 34-24-3-1, based upon Defendants' alleged commission of criminal deception. Both claims are based upon Defendants' filing and pursuing the Underlying Suit.

## II. DISCUSSION

In the instant motion, Defendants seek an order compelling Plaintiffs to respond to numerous interrogatories and requests for production. Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Although the burden of demonstrating relevance is on the party seeking discovery, once relevance has been shown, it is the objecting party's obligation "to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.,* 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's General Stores,* 206 F.R.D. 251, 254 (S.D. Ind. 2002).

The discovery requests at issue can be divided into two categories: those that seek information relating to the Underlying Suit and those that seek information relating to Plaintiffs' sales information. Each category is addressed, in turn, below.

### A. The Underlying Suit

Plaintiffs[2] have refused to provide a substantive response to each of the following discovery requests on the identical grounds that it "seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case and the burden and expense of the proposed discovery outweighs its benefit. Defendants seek information simply as a means to retry the underlying case they lost and which the Hancock County Superior Court held was frivolous, groundless, unreasonable and litigated in bad faith."

> **Interrogatory No. 7:** Identify the Utility Pipe Entities' servers, computers, telephones, email systems, email addresses, document management systems, and/or other electronic information systems or devices which You used at any point and identify which of those You have stopped using and the date(s) on which You did so.
>
> **Interrogatory No. 8:** Identify all past and present presidents, vice presidents, chief executives, chief financial officers, managers, and/or any other executives or officers of Indiana Precast since its formation, including the period of time during which each individual held each role for Indiana Precast.
>
> **Interrogatory No. 9:** Describe the process You used in the Underlying Lawsuit to search for and identify potentially relevant documents for potential production in that lawsuit, including who was involved in searching for and collecting potentially relevant documents, each date on which You searched for documents, what sources of information You searched (e.g., personal email address, work email account, paper files located in office), which Indiana Precast custodians were searched, who provided You advice on how to search for or identify potentially relevant documents, documents You referred to in order to determine which documents may be potentially relevant, and how many documents You turned over to Your lawyer as a result of each search.
>
> **Interrogatory No. 10:** Identify all email addresses You used for work or personal reasons since April 2015, including the period of time during which each email address was used.

---

[2] In this Order, the Court will discuss generally the obligation of Plaintiffs to respond to the discovery requests at issue; obviously, as to each document request and interrogatory, that obligation is limited to the specific Plaintiff to whom it was directed.

**Interrogatory No. 11:** Identify Your current employer as well as all past employers dating back to April 2015 and provide the dates of employment with each employer, Your direct supervisor at each employer, and Your title with each employer.

**Interrogatory No. 12:** Describe the process You used in the Underlying Lawsuit to search for and identify potentially relevant documents for potential production in that lawsuit, including each date on which You searched for documents, what sources of information You searched (e.g., personal email address, work email account, paper files located in office), who provided You advice on how to search for or identify potentially relevant documents, documents You referred to in order to determine which documents may be potentially relevant, and how many documents You turned over to Your lawyer as a result of each search.

**Request for Production No. 47**: All documents and things referring or relating to, reflecting, constituting, describing, or otherwise evidencing any and all agreements between Indiana Precast and either or both of the Utility Pipe Entities.

**Request for Production No. 49:** Documents sufficient to identify all individuals who have been employed by Indiana Precast since January 2016 and each individual's term of employment with Indiana Precast.

**Request for Production No. 50:** Documents sufficient to identify all individuals who have been employed by any other person, including but not limited to Utility Pipe of Indiana or Utility Pipe, and assigned to work at Indiana Precast during the period from January 1, 2016, through the present and the time period of such assignment.

**Request for Production No. 51**: All documents and things referring or relating to, reflecting, constituting, describing, or otherwise evidencing Indiana Precast's use of any servers, computers, emails systems, email addresses, telephones, document management systems, or other electronic information systems used, owned, and/or controlled by either or both of the Utility Pipe Entities.

**Request for Production No. 75:** All communications, correspondence, agreements, or other documents that refer or relate to, describe, constitute, or otherwise evidence any arrangement under which either or both of the Utility Pipe Entities agreed to pay or be responsible for paying any bills, debts, or other costs incurred by Indiana Precast.

**Request for Production No. 76:** All documents and things referring or relating to, reflecting, describing, or evidencing any bills, debts, loans, or other costs incurred by Indiana Precast that either or both of the Utility Pipe Entities paid or agreed to pay.

**Request for Production No. 94:** All communications and correspondence between You and Jeremy Miner referring or relating to County Materials, Central Processing, Scott Boma, Jeff Allen, Steve Smart, Steve Hoesing, and/or Kerry Bartol during the period from and including April 2015 through and including the present.

**Request for Production No. 95:** All communications and correspondence between [Gookins and Rectenwal] referring or relating to County Materials, Central Processing, Scott Boma, Jeff Allen, Steve Smart, Steve Hoesing, and/or Kerry Bartol during the period from and including April 2015 through and including the present.

**Request for Production No. 96:** All communications and correspondence between You and Bill Zausch referring or relating to County Materials, Central Processing, Scott Boma, Jeff Allen, Steve Smart, Steve Hoesing, and/or Kerry Bartol during the period from and including April 2015 through and including the present.

**Request for Production No. 97:** All communications and correspondence between You and Shelley West referring or relating to County Materials, Central Processing, Scott Boma, Jeff Allen, Steve Smart, Steve Hoesing, and/or Kerry Bartol during the period from and including April 2015 through and including the present.

**Request for Production No. 98:** All communications and correspondence between You and Rick Hocker referring or relating to County Materials, Central Processing, Scott Boma, Jeff Allen, Steve Smart, Steve Hoesing, and/or Kerry Bartol during the period from and including April 2015 through and including the present.

**Request for Production No. 99:** All communications and correspondence between You and Patrick Olmstead referring or relating to County Materials, Central Processing, Scott Boma, Jeff Allen, Steve Smart, Steve Hoesing, and/or Kerry Bartol during the period from and including April 2015 through and including the present.

**Request for Production No. 100:** All communications and correspondence between You and any customers of Independent Concrete, County Materials, Indiana Precast, or Utility Pipe referring or relating to County Materials, Central Processing, Scott Boma, Jeff Allen, Steve Smart, Steve Hoesing, and/or Kerry Bartol during the period from and including April 2015 through and including the present.

*See* [Dkt. 89].

Defendants argue generally that, because Plaintiffs allege that all of Defendants' conduct in the Underlying Suit constitutes abuse of process, the manner in which both parties conducted the Underlying Suit is relevant to their defense in this case. Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and where "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevance in discovery is broader than relevance at trial; during discovery, 'a broad range of potentially useful information should be allowed' when it pertains to issues raised by the parties' claims." *Bank of Am., Nat'l Ass'n v. Wells Fargo Bank, N.A.*, 2014 WL 3639190, at *3 (N.D. Ill. July 23, 2014) (quoting *N.L.R.B. v. Pfizer, Inc.*, 763 F.2d 887, 889-90 (7th Cir. 1985)). Given this standard, the Court finds that Defendants have satisfied their initial burden of articulating the relevance of the information they seek.[3] Thus, as noted above, the burden shifts to Plaintiffs to demonstrate with specificity that each discovery request is improper.

Plaintiffs have failed to satisfy this burden. Plaintiffs argue that the *Rooker-Feldman* doctrine and the doctrine of issue preclusion will prohibit Defendants from raising anything that occurred in the Underlying Litigation as a defense in this case. But no determination regarding the application of those doctrines to this case has been made (or even sought) at this point, and the Plaintiffs do not even attempt to develop their argument in a way that would permit the Court

---

[3] Plaintiffs point out that Defendants have not yet filed an answer in this case—the deadline for doing so is next week—and argue that Defendants are not permitted to conduct discovery into their *potential* affirmative defenses and counterclaims. However, Defendants argue, and the Court finds, that regardless of any affirmative defenses and/or counterclaims, Defendants are entitled to the discovery at issue in order to support their general defense of Plaintiffs' claims against them.

to address it in conjunction with this motion.  See *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").  The **possibility** of a **future** motion that **might** result in a ruling that eliminates a particular defense does not render discovery relating to that defense improper.  Nor does it necessarily justify a stay of discovery, given the Court's obligation to control its calendar and ensure that litigation proceeds expeditiously.  [*Cf.* Dkt. 57 (order denying Defendants' motion to stay discovery based on the pendency of their motion to dismiss).]  Accordingly, the motion to compel is **GRANTED** as to these discovery requests.

### B.  Sales Information

In Request for Production No. 52, Defendants seek "[d]ocuments sufficient to identify Indiana Precast's customers each year since 2016 and revenue per customer for each of those years."  Defendants assert that this information is relevant to their defense against Plaintiffs' claim for lost profits.  Plaintiffs disagree, arguing that

> Indiana Precast has not claimed damages relating to loss of business to a specific customer. It claims lost profits for 2018 and 2019 relating to specific equipment that it did not purchase in October 2017 to expand its product line.  In addition, Indiana Precast seeks damages for lost profits for business injury, interruption, *etc.*, for 2017 and 2018. None relate to specific customers. Indiana Precast does not seek lost profits for 2016 or 2020.

Dkt. 95 at 8.  They further note that Indiana Precast has "produced such documents of its Profit and Lost/Income Statement" from 2016-1018, as well as "the detailed spreadsheet showing the projected sales, expense, depreciation, *etc.*, relating to the product line expansion in 2018 and 2019."  *Id.*  Indiana Precast also "agreed to produce its sales without customer identification for 2017-2019 but this was not acceptable to Defendants."  *Id.*  Defendants counter that "[w]ithout knowing the different types of businesses that may be purchasing from Indiana Precast and the

7

amount of sales to each customers [sic] over the years, Defendants cannot evaluate Plaintiffs' purported lost profits for a specific business opportunity or business injury or interruption." [Dkt. 99 at 9.]

The Court finds that Defendants are entitled to the information they seek in order to evaluate and defend against Plaintiffs' claim for lost profits. Accordingly, the motion to compel is **GRANTED** as to this document request.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to compel [Dkt. 87] is **GRANTED**. Plaintiffs shall serve complete and unequivocal responses to the discovery requests at issue **on or before January 6, 2020**, along with a privilege log if any responsive documents are withheld on privilege grounds. If Defendants wish to seek an award of fees and expenses relating to this motion, they shall file a motion and supporting documentation **within 21 days of the date of this Order**.

SO ORDERED.

Dated: 17 DEC 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.