UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN GOOKINS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:19-cv-00867-JPH-MJD |
| COUNTY MATERIALS CORP., et al., | ) |
| Defendants. | ) |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiffs' Motion to Compel. [Dkt. 113.] For the reasons set forth below, the motion is **DENIED**.

**I. BACKGROUND**

This is an action to recover damages incurred by Plaintiffs as a result of a lawsuit filed by Defendants (hereinafter the "Underlying Suit"). In the Underlying Suit, Defendants asserted a variety of claims against Plaintiffs Ryan Gookins, Richard Rectenwal, and Indiana Precast, Inc., that arose out of the fact that Gookins and Rectenwal left the employ of Defendants[1] and went to work for Defendant Indiana Precast, a competing business in which Gookins and Rectenwal had an ownership interest. The Underlying Suit went to trial and was resolved in favor of Plaintiffs; the issue of attorneys' fees remains pending before the state court. In this case, Plaintiffs assert a

---

[1] Gookins and Rectenwal were both employed by Defendant Central Processing Corp., a human resources management company, and were assigned to work for Defendant County Materials Corp.

claim against Defendants for abuse of process under Indiana common law and a claim for damages under Indiana's Crime Victims' Relief Act, [Ind. Code § 34-24-3-1](Ind. Code § 34-24-3-1), based upon Defendants' alleged commission of criminal deception. Both claims are based upon Defendants' filing and pursuing the Underlying Suit.

Defendants have asserted Counterclaims that include the following allegations:[2]

    174. On February 22, 2016, Jeff Allen forwarded the Rectenwal LinkedIn email to Kerry Bartol.

    175. At this time, Ms. Bartol began her investigation as part of her job responsibilities as VP of Risk Management for the County Parties.

    176. Through the investigation, it was discovered that Mr. Rectenwal was involved with and was at least a part owner of the newly incorporated Indiana Precast.

\*\*\*

    184. The County Parties continued their investigation to determine more information regarding the solicitation of their employees.

\*\*\*

    188. On March 21, 2016, Ms. Bartol, Mr. Heber DeLeon, and their counsel conducted interviews of employees in Maxwell and discover the solicitation efforts of the Plaintiffs and other information regarding Mr. Gookins' breach of his duty of loyalty and other information related to potential breach of their employment agreements.

    189. From this point until the filing of the initial lawsuit in Federal court, the County Parties conducted further internal investigations and collected information relating to their claims.

    190. In the course of these investigations and prior to filing their Complaint in the Underlying Lawsuit, the County Parties discovered that Mr. Gookins had disclosed customer complaints, which the County Parties view as sensitive and confidential, to a competitor and customer.

---

[2] These are the allegations quoted by Plaintiffs in their brief in support of the instant motion. [[Dkt. 114 at 4-5](Dkt. 114 at 4-5).]

***

    193. . . . the documents obtained by the County Parties in discovery in the Underlying Lawsuit was consistent with the materials found and information gathered during the investigation and further supported their claims.

    194. Key documents from the Underlying Lawsuit demonstrate, at a minimum, that the County Parties had a factual basis to bring claims against the Precast Parties in the Underlying Lawsuit and did not abuse the legal process in doing so.

[Dkt. 108 at 92-94.] Defendants further assert as an affirmative defense that "Plaintiffs' claims are barred by the claims set forth in Defendants'/Counterclaim Plaintiffs' Counterclaims and incorporated herein as defenses, affirmative or otherwise." [*Id.* at 66.]

## II. DISCUSSION

In the instant motion, Plaintiffs seek to compel Defendants to produce documents that are responsive to the following document requests but which Defendants have withheld as privileged.

> **REQUEST NO. 1**: All documents relating to the investigation(s) involving one or more Plaintiffs undertaken prior to filing the Complaint.
>
> **REQUEST NO. 2**: All documents evidencing communications by, between or among Central Processing's representatives, agents, officers, directors, owners and/or employees, prior to filing the Complaint, relating to the investigation of issues, claims, allegations and/or subject matter of the Complaint.
>
> **REQUEST NO. 3**: All documents evidencing communications by, between or among Central Processing employees assigned to work at County Materials, prior to filing the Complaint, relating in any way to the investigation of issues, claims, allegations and/or subject matter of the Complaint.
>
> **REQUEST NO. 5:** All documents provided to, generated by and/or possessed by Hansen Reynolds prior to filing the Complaint relating in any way to the investigation of issues, claims, allegations and/or subject matter of the Complaint.

**REQUEST NO. 6:** All documents obtained, maintained by counsel, generated and/or created prior to filing the Complaint relating to any investigation involving one or more Plaintiffs.

**REQUEST NO. 7**: All documents evidencing communications with any attorney, paralegal, secretary or employee of Hansen Reynolds prior to filing the Complaint relating in any way to the investigation of issues, claims, allegations and/or subject matter of the Complaint.

**REQUEST NO. 9**: All documents evidencing communications by, with or involving Kerry Bartol prior to filing the Complaint, relating in any way to the investigation of issues, claims, allegations and/or subject matter of the Complaint.

**REQUEST NO. 10**: All documents evidencing communications by, between or among County Materials' representatives, agents, officers, directors, owners or employees prior to filing the Complaint, relating to the investigation of issues, claims, allegations and/or subject matter of the Complaint.

[Dkt. 114-1 and Dkt. 114-2.]

Plaintiffs do not argue that the documents at issue are not privileged; rather, they argue that Defendants should be compelled to produce them regardless of privilege. [*See* Dkt. 114 at 6 ("The Court need not address the privileges asserted because Defendants have specifically relied upon and asserted information derived from the pre-suit investigation as part of their claims and defenses.").][3] Specifically, Plaintiffs argue:

> Defendants cannot rely on selective information derived from that investigation while claiming privilege as to other information derived from the investigation, *i.e*., use privilege as both a sword and shield. Such investigation information is relevant to the claims and defenses in the case and responsive to Plaintiffs' Requests for Production.

---

[3] Accordingly, while Defendants have provided the documents to the Court, the Court has not conducted an *in camera* review of them; rather, the Court basis its ruling solely on the arguments made by Plaintiffs in support of their motion.

[*Id.*] This argument is, quite frankly, inane. Of course Defendants will rely on "information derived from their pre-suit investigation" in proving their case, just as Plaintiffs will rely on information derived from any investigation they undertook to prove their case. One of the purposes of a pre-suit investigation is to obtain information for use in a potential lawsuit. Plaintiffs are confusing the **information** obtained during the pre-suit investigation—which is not privileged and which is discoverable if it is relevant to the claims and defenses in the case—with the **communications** that occurred between counsel and client (or between clients at the direction of counsel) in the course of the pre-suit investigation—which are privileged and which are not discoverable unless that privilege is waived or unless an exception to the general rule that privileged matters are not discoverable applies.

Plaintiffs point to an exception when they note, correctly, that "[t]he attorney-client privilege is 'generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation,'" [*id.* at 5 (quoting *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995))], which is another way of stating that a party cannot use privilege as both a sword and a shield. But that maxim applies when a party is relying on the advice it received from its counsel as part of its defense. Plaintiffs have pointed to no such reliance here, and Defendants have disavowed it, [*see* Dkt. 124 at 6 (Defendants stating that they "are not asserting a claim or defense based on advice of counsel, nor are they using privileged communications as evidence in support of their claims or defenses")], so that exception does not apply here. The portion of the Counterclaims pointed to by Plaintiffs and quoted above describe the fact that a pre-suit investigation was conducted, but they do no assert that Defendants are not liable for any of the actions they took in the Underlying Suit because they relied on their attorneys' advice.

5

Plaintiffs further allude to the subject-matter waiver rule, noting (again correctly) that "[i]ntentionally disclosing privileged or work-product protected materials may also waive the privilege or protection for undisclosed materials if they concern the same subject matter and ought in fairness to be considered together with the disclosed materials." [*Id.* (citing Fed. R. Evid. 502)]. Plaintiffs argue that

> Defendants assert that they can waive privilege to rely on selective documents from the pre-suit investigation which they believe support their claims and defenses while at the same time withholding other investigation documents under privilege that do not support their claims and defenses, *i.e.*, produce the favorable but withhold the unfavorable. Defendants cannot use privilege to withhold documents which they have put at issue.

[Dkt. 126 at 1-2; *see also id.* at 5 ("Defendants cannot waive privilege as to investigation documents they find favorable to establish the strength of their claims and defenses, and then assert the same privilege to withhold investigation documents that show the weakness of their claims and defenses.")]. But Plaintiffs have not pointed to a single privileged document that Defendants have produced. Simply acknowledging the unremarkable fact that they conducted a pre-suit investigation does not "put at issue" the privileged documents that were created during that investigation. By Plaintiffs' logic, the use of **any information** that was gathered or reviewed by counsel during a pre-suit investigation would waive the attorney-client and work product privilege as to **all documents** that were created during the pre-suit investigation. That is, of course, nonsense.

Some documents created during a pre-suit investigation are privileged; some are not. Information (facts) are not privileged. Plaintiffs complain that "Defendants rely on the **information** gathered in the pre-suit investigation to support the merits of their Counterclaims and Affirmative Defenses in this case" but "seek to withhold selective investigation documents."

6

[Dkt. 126 at 5 (emphasis added).] To the extent that the documents that have been selectively withheld are those that are protected from disclosure by the attorney-client and/or work-product privilege—and Plaintiffs do not suggest otherwise—Defendants have properly withheld them.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to compel [Dkt. 113] is **DENIED**. If Defendants wish to seek attorney fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), they must file a motion and supporting documentation **within 14 days of the date of this Order**.

SO ORDERED.

Dated: 30 JAN 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.