UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RYAN GOOKINS, | ) | |
| RICHARD RECTENWAL, | ) | |
| INDIANA PREACST, INC., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CV-867 RLM-MJD |
| | ) | |
| COUNTY MATERIALS CORP., | ) | |
| CENTRAL PROCESSING CORP., | ) | |
| | ) | |
| Defendants | ) | |

<u>OPINION AND ORDER</u>

This case arises out of a lawsuit the defendants filed against the plaintiffs in Hancock County Superior Court. County Materials Corp. bought a company that Ryan Gookins and Richard Rectenwal worked for. They became employees of County Materials through its staffing agency, Central Processing Corp. Both quit their jobs at County Materials within a few months and went on to work at Indiana Precast, Inc. County Materials and Central Processing filed the underlying action, which was resolved in favor of Mr. Gookins, Mr. Rectenwal, and Indiana Precast. County Materials and Central Processing's motion to correct error in that case is pending before the state court.

The plaintiffs in this action filed an amended complaint in April 2019, and the defendants moved to dismiss all three counts of the complaint. The motion was referred to Judge Dinsmore for a report and recommendation. He

recommended that the motion be denied as to Counts I and II of the plaintiffs' complaint, but that it should be granted as to Count III, and that the plaintiffs should be permitted to seek leave to amend the complaint to address any defects in Count III. Judge Hanlon, to whom this case was then assigned, agreed and adopted the recommendation over the plaintiffs' objections. The plaintiffs sought leave to file a second amended complaint, and Judge Dinsmore denied the motion, concluding that the amendment would be futile because Count III would be subject to dismissal as amended. The plaintiffs timely filed this objection to Judge Dinsmore's order.

If a party files an objection to an order entered by a magistrate judge, the presiding district judge will consider it and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

The plaintiffs argue that Count III of their proposed second amended complaint properly states claims for civil and criminal conversion, so the amendment isn't futile. The tort for civil conversion "consists either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's."

2

Computers Unlimited, Inc. v. Midwest Data Sys., Inc., 657 N.E.2d 165, 171 (Ind. Ct. App. 1995). A person commits criminal conversion under Indiana law if he "knowingly or intentionally exerts unauthorized control over property of another person[.]" Ind. Code § 35-43-4-3(a). Exerting control over property "means to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property." Ind. Code § 35-43-4-1(a).

The plaintiffs specifically argue that Judge Dinsmore erroneously ruled that they didn't allege any facts that would constitute "exerting control over property." They contend that the defendants asserted ownership or control over Mr. Gookins's and Mr. Rectenwal's "precast industry knowledge, skills, relationships, *etc.*" when they filed the underlying lawsuit against the plaintiffs. The plaintiffs haven't demonstrated that Judge Dinsmore's conclusion that alleging ownership of property in court is not the same as exerting control over that property is clearly erroneous or contrary to law.

Accordingly, the court OVERRULES the objection to the order denying the plaintiffs leave to file a second amended complaint. [Doc. No. 107].

SO ORDERED.

ENTERED:   June 8, 2020

___/s/ Robert L. Miller, Jr.___
Robert L. Miller, Jr., Judge
Sitting by Designation
U.S. District Court, Southern District of Indiana

3

Distribution:

Terri L. Bruksch
BARNES & THORNBURG, LLP (Indianapolis)
tbruksch@btlaw.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Joseph J. Jacobi
HANSEN REYNOLDS LLC
jjacobi@hansenreynolds.com

Jessica C. Mederson
HANSEN REYNOLDS LLC
jmederson@hansenreynolds.com

Danielle M. Nardick
HANSEN REYNOLDS LLC
dnardick@hansenreynolds.com

Thomas Storrs Reynolds, II
HANSEN REYNOLDS LLC
treynolds@hansenreynolds.com

John Patrick Shanahan
HANSEN REYNOLDS LLC
jshanahan@hansenreynolds.com

Clifford R. Whitehead
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
cwhitehead@zsws.com