UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RYAN GOOKINS, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:19-CV-867 RLM-MJD |
| | ) | |
| COUNTY MATERIALS CORP., et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

The parties in this suit have been litigating in state court for over three years. After judgment was entered in Hancock County Superior Court for Ryan Gookins, Richard Rectenwal, and Indiana Precast, Inc., the parties' dispute migrated to this court, where Mr. Gookins, Mr. Rectenwal and Indiana Precast filed claims for abuse of process, deception, and conversion. Defendants County Materials Corporation and Central Processing Corporation responded with three counterclaims for abuse of process. For the sake of clarity (since both sides bring claims on which they have the burden of proof), this opinion refers to Mr. Gookins, Mr. Rectenwal and Indiana Precast as "the Gookins parties" and County Materials and Central Processing as the "County Materials" parties.

The Gookins parties' claim for conversion has been dismissed, so two claims and three counterclaims remain. One motion to dismiss and four motions for summary judgment (three of which are related) are now before the court. For the reasons set forth below, the court grants the Gookins parties' motion to

dismiss in part, denies the Gookins parties' summary judgment motions with leave to refile, and grants the County Materials parties' motion for summary judgment in part.

## I. Background

The court assumes the reader's familiarity with the facts of this case but will briefly summarize facts relevant to the issues presented in these motions. Ryan Gookins and Richard Rectenwal were working for a precast concrete company when County Materials Corporation bought their employer. Mr. Gookins and Mr. Rectenwal briefly became employees of County Materials through its staffing agency, Central Processing Corporation, but they both left the company within a few months. They went on to work at a new company, Indiana Precast, Inc.

The County Materials parties filed a suit against the Gookins parties in 2016 alleging breach of contract, tortious interference, and conspiracy – for our purposes today, the "underlying suit." The case was filed in federal court, dismissed, and refiled in Hancock County Superior Court, where the County Materials parties lost on all of their claims. The Gookins parties were awarded attorneys' fees and costs under Indiana Code § 35-52-1-1(b). The court found in its fee orders that the County Materials parties brought frivolous, unreasonable, and groundless claims, and that they litigated the claims in bad faith.

In 2018, while the parties were still litigating the underlying suit, Mr. Gookins brought another suit in Hancock County Superior Court against County

Materials and three other defendants who aren't parties to this case – for today's purposes, the "indemnification suit." The suit seeks indemnification for expenses and fees incurred by Mr. Gookins in defending himself against the County Materials parties' claims. The state court dismissed the suit, and Mr. Gookins filed an amended complaint and a motion to reconsider. The state court denied the motion of the defendants in that action to dismiss the amended complaint. A motion to reconsider denial of the motion to dismiss still pends before the Hancock Superior Court.

The County Materials parties allege that during discovery in this action, the Gookins parties produced documents that were responsive to their discovery requests in the underlying action. As a result of these productions, the defendants filed a motion to correct error in the underlying action. The state court denied that motion, and the defendants filed a notice of appeal.

## II. MOTION TO DISMISS

The County Materials parties have filed three counterclaims for abuse of process: one for the plaintiffs' conduct in the underlying lawsuit, another against Mr. Gookins for his conduct in the indemnification lawsuit, and a third for the Gookins parties' conduct in this suit. The Gookins parties argue that the County Materials parties' counterclaims should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, or alternatively, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The court grants the motion to dismiss as to Counterclaim I and denies it as to Counterclaims II and III.

*A. Standard of Review*

A federal court must assure itself that it has jurisdiction over the subject matter of a case – the power to hear and decide it – before it can proceed to take any action on the merits. *See* Warth v. Seldin, 422 U.S. 490, 498 (1975); Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). Rule 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. In reviewing a motion under Rule 12(b)(1), the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," yet, if necessary, may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (internal quotations and citation omitted). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). A court must dismiss an action without reaching the merits if there is no jurisdiction. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-431 (2007).

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But

Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. at 570). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). Twombly and Iqbal "require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the complaint." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (*quoting* Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009)). The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

### B. Counterclaim I

The County Materials parties' first counterclaim alleges that the Gookins parties engaged in abuse of process when litigating the underlying lawsuit in state court. The Gookins parties argue that Counterclaim I should be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. The doctrine "is a rule of federal jurisdiction," Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th Cir. 2004), that "deprives federal courts of subject matter jurisdiction where a party . . . sues in federal court seeking to set aside the state

court judgment and requesting a remedy for an injury caused by that judgment."

Johnson v. Orr, 551 F.3d 564, 568 (7th Cir. 2008).

Rooker-Feldman bars a federal court from hearing a state court claim in two instances:

> The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision. In this latter instance, Rooker-Feldman will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment."

Brown v. Bowman, 668 F.3d 437, 442 (7th Cir. 2012) (*citing* Taylor v. Fed. Nat. Mortg. Ass'n, 374 F.3d 529, 532-533 (7th Cir. 2004)).

The County Materials parties' claim doesn't outright ask this court to overturn the state court judgment, but it's inextricably intertwined with that court's decision. The court must ask "whether [the federal claim] alleges that the supposed injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." Brown v. Bowman, 668 F.3d at 442 (internal citations omitted). The County Materials parties argue that their claim extends "well beyond the Precast Parties having fraudulently secured a jury verdict at trial and the award… of their attorneys' fees," but in their counterclaim, they only allege injury "in the form of attorneys' fees and expenses and costs." That injury is at the heart of the state court decision, not "well beyond" it.

The County Materials parties also contend that Rooker-Feldman doesn't bar "a federal suit that seeks damages for a fraud that resulted in a judgment

adverse to the plaintiff". Iqbal v. Patel, 780 F.3d 728, 730 (7th Cir. 2015) (*quoting* Johnson v. Pushpin Holdings, LLC, 748 F.3d 769 (7th Cir. 2014)). But Iqbal v. Patel also said, "[I]f a plaintiff contends that *out-of-court* events have caused injury that the state judiciary failed to detect and repair, then a district court has jurisdiction – but only to the extent of dealing with that injury." Id. (*citing* Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005)) (emphasis added). The events the defendants allege caused their injury took place in state court. Even if they continued to suffer damage after the underlying suit was decided, that doesn't change where the injurious conduct occurred.

Finally, the County Materials parties argue that Rooker-Feldman doesn't bar their claim because they didn't have a reasonable opportunity to raise it in state proceedings. But the County Materials parties did have an opportunity to raise the issue of discovery abuses and misrepresentations before the state court; indeed, they did so in their motion to correct error. Accordingly, the court doesn't have subject matter jurisdiction over this claim.

## *C. Counterclaim II*

The Gookins parties argue that Counterclaim II, alleging abuse of process in Ryan Gookins's indemnification lawsuit, should be dismissed under Rooker-Feldman because it seeks impermissible federal review of a state court interlocutory decision. Rooker-Feldman "does not apply independently to interlocutory orders." Kowalski v. Boliker, 893 F.3d 987, 995 (7th Cir. 2018) (*citing* TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 591 (7th Cir. 2005)). The doctrine "is confined to cases . . . brought by state-court losers complaining of

injuries caused by state-court judgments rendered *before the district court proceedings commenced* and inviting district court review and rejection of those judgments." Exxon Mobil v. Saudi Basic Indus., 544 U.S. at 284 (emphasis added). The state court hasn't entered a judgment in the indemnification lawsuit, so Rooker-Feldman doesn't bar the County Materials parties' claim.

The Gookins parties also argue that the County Materials parties failed to state a claim for abuse of process under Fed. R. Civ. P. 12(b)(6). They argue that Mr. Gookins's claim in the indemnification lawsuit was permissible under Indiana law, and further, it was a compulsory counterclaim in the underlying action that the defendants failed to raise. Whether Mr. Gookins's claim was proper or the County Materials parties' counterclaim should have been raised in state court are both fact-specific inquiries that the court should refrain from resolving at this stage. A complaint doesn't have to anticipate an affirmative defense to survive a motion to dismiss, Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012); United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005), so neither issue raised by the plaintiffs is grounds to dismiss Counterclaim II.

### *D. Counterclaim III*

The Gookins parties argue that Rooker-Feldman bars the defendants' third counterclaim, which alleges abuse of process for filing this lawsuit, because it depends entirely on the proposition that the outcome of the original underlying lawsuit was incorrect. The court disagrees. The County Materials parties aren't asking the court to overturn the state court's decision under Counterclaim III,

nor is the question of whether an abuse of process occurred when the Gookins parties filed this action "inextricably intertwined" with the state court judgment in the underlying action.

The Gookins parties also argue that Counterclaim III should be dismissed for failure to state a claim upon which relief can be granted. They contend that the claim they brought in Count I is permissible under Indiana law, so the County Materials parties can't bring a counterclaim that says filing the suit was an abuse of process. Again, this is an affirmative defense the County Materials parties weren't required to anticipate in their counterclaim, and it isn't grounds for dismissal under Rule 12(b)(6). Brownmark Films v. Comedy Partners, 682 F.3d at 690; United States v. Lewis, 411 F.3d at 842.

## III. Motions for Summary Judgment

The Gookins parties filed three individual motions for summary judgment on Count I, and the County Materials parties filed a motion for summary judgment as to Counts I and II and Counterclaims I, II, and III. Counterclaim I is being dismissed under Rule 12(b)(1) for the reasons already stated, so the County Materials parties' motion as to that claim is moot.

### A. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, we accept the non-movant's evidence as true and draw all inferences in his favor. Id. at 255. The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* Fed. R. Civ. P. 56(e)(2).

## B. Count I

Both parties seek summary judgment in their favor as to Count I, the Gookins parties' claim for abuse of process against the County Materials parties based on the County Materials parties' conduct in the underlying state court lawsuit. The parties agree that Indiana law applies to this dispute. "A party claiming abuse of process must show a misuse or misapplication of process for an end other than that which it was designed to accomplish." Waterfield v. Waterfield, 61 N.E.3d 314, 328 (Ind. Ct. App. 2016) (*citing* I.A.E., Inc. v. Hall, 49 N.E.3d 138, 157 (Ind. Ct. App. 2015)). "The two elements of abuse of process are: (1) ulterior purpose or motives; and (2) a willful use of process not proper in the regular conduct of the proceedings." Id.

The Gookins parties argue that the court should find the County Materials

10

parties engaged in an abuse of process based on the fee order the Hancock County Superior Court entered in the underlying action. They contend that under the doctrine of issue preclusion, the state court's fee order mandates a finding of abuse of process.

The court's decision in the underlying action must be final for issue preclusion to apply. Indiana courts rely on the Restatement (Second) of Judgments § 13 to make a finality determination. Mains v. Citibank, N.A., 852 F.3d 669, 676 (7th Cir. 2017) (citing Miller Brewing Co. v. Indiana Dep't of State Revenue, 903 N.E.2d 64, 68 (Ind. 2009)). A judgment must be "procedurally definite" to be final for purposes of issue preclusion, and the court should consider whether "the decision was subject to appeal or was in fact reviewed on appeal[.]" RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982). The County Materials parties filed a notice of appeal in the underlying action after the state court denied their motion to correct error. That motion is still pending, so the state court's decisions, including its fee order, aren't final and don't have preclusive effect. The court denies both parties' motions for summary judgment on Counterclaim I, with leave to refile after the matter has been resolved in state court.

### C. Counterclaims II and III

The County Materials parties ask the court to find on summary judgment that the Gookins parties are liable for abuse of process for their actions in the indemnification lawsuit and in this case.

In their summary judgment motion as to Counterclaim II, the County

Materials parties argue that Mr. Gookins admitted he was seeking an advisory opinion in the indemnification lawsuit. They say he has "[held] the case over County's head" for months to harass and threaten County Materials leading up to trial, and the court should find that Mr. Gookins committed an abuse of process as a matter of law. Mr. Gookins counters that he indicated that an opinion the County Materials parties – not he – sought in the indemnification suit would be advisory. He argues that he isn't holding the suit over the County Materials parties' heads, but rather both parties are waiting for the state court to rule on a pending motion to reconsider. These facts, when accepted as true and construed in the light most favorable to Mr. Gookins, create a genuine dispute as to whether he committed an abuse of process in the underlying lawsuit. The County Materials parties aren't entitled to summary judgment on Counterclaim II.

In their summary judgment motion as to Counterclaim III, the County Materials parties argue that the Gookins parties committed an abuse of process by filing this case because they knew the claims in the underlying suit were credible. They cite evidence obtained during discovery in this action, which they allege the Gookins parties concealed in the underlying action, as evidence of ulterior motive or improper purpose. The Gookins parties counter that the County Materials parties' argument is conclusory, and they cite the verdicts, fee order, and judgment in the underlying action as evidence that their claims in this case are proper and not evidence of an improper process. They argue further that the County Materials parties can't show that the Gookins parties had an

ulterior motive. Accepting the Gookins parties' evidence as true and drawing all inferences' in their favor, there is a genuine dispute of material fact as to Counterclaim III, and the County Materials parties aren't entitled to summary judgment.

### D. Count II

Last, the County Materials parties argue that summary judgment should be granted in their favor because the Gookins parties have no evidence to support their claim under the Crime Victims Relief Act (CVRA). The Gookins parties say the County Materials parties are guilty of criminal deception under Indiana Code § 35-43-5-3(a)(2), which requires proof that a person "knowingly or intentionally makes a false or misleading written statement with intent to obtain property, employment, or an educational opportunity." "Though the CVRA creates a civil remedy, its reliance on proof of a predicate criminal offense makes it inherently quasi-criminal." Wysocki v. Johnson, 18 N.E.3d 600, 605 (Ind. 2014). Accordingly, "the 'heinousness' of the defendant's conduct may properly factor into the factfinder's decision whether to award exemplary damages under the CVRA." Id.

The Gookins parties point to three things in support of their claim. First, they argue that the County Materials parties falsely argued in the underlying action that Central Processing was entitled to damages and then admitted in answers to an interrogatory that Central Processing hadn't suffered any damages. In the answers the Gookins parties cite, Central Processing objected to a request for information about damage amounts and calculations under each

claim; it contended that the parties need to conduct further discovery to determine damages and said that it would provide such information in accordance with the state court's scheduling order.

Next, the Gookins parties cite the closing arguments defendants' counsel made during trial in the underlying lawsuit. During her argument, counsel acknowledged that the judge dismissed Central Processing from the parties' dispute because "at the end of the day, the truth is that the harm was to County Materials." The Gookins parties construe counsel's argument, including the use of the phrase "the truth is," as an admission that Central Processing's claim for damages was a knowing or intentional false or misleading statement made to obtain their property.

Third, the Gookins parties cite their own answers to the County Materials parties' interrogatories in this action that asked the Gookins parties to identify the false or misleading statements the defendants allegedly made intentionally or knowingly with the intent to obtain property. The answers cited are nearly identical 24-page sections that quote court filings and statements the County Materials parties made in depositions in the underlying action. But the Gookins parties only discuss two specific examples of false or misleading statements from these documents. The first is an overbroad document production in the underlying action that the state court asked the County Materials parties to refine. The second is a reference the County Materials parties made to an email exchanged between Mr. Rectenwal and Mr. Gookins. The County Materials parties cited the email as evidence of violation of a noncompetition agreement,

an argument that the Gookins parties say failed in state court and so was false or misleading.

When faced with a motion for summary judgment, "the nonmovant must present definite, competent evidence in rebuttal." Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012). The Gookins parties have sorely missed that mark in their response to this motion. No reasonable juror could conclude that a party's overbroad discovery production or objections to interrogatories constitute criminal deception. Similarly, no reasonable juror could find that an attorney's use of the phrase "the truth is" in a closing argument was an admission that her client had previously made knowing or intentional dishonest or misleading statements. The Gookins parties' disagreement with Central Processing as to whether it was entitled to damages on its claim under the noncompetition agreement is insufficient on its own to establish misrepresentation under the CVRA. See T-3 Martinsville, LLC v. US Holding, LLC, 911 N.E.2d 100, 121 (Ind. Ct. App. 2009). Further, the court can't tell what portions of the pages of quoted court filings the Gookins parties cite in their brief are allegedly false or misleading without explanation.

The fee order from the underlying action has no preclusive effect for the reasons already stated, but even if it did, nothing in that order can be construed as evidence that any of the Gookins parties' statements in the underlying action were false or misleading. The fee order concludes that underlying claims were "frivolous, unreasonable, and groundless" and that they were "litigated in bad faith," but it doesn't say that any statements made to the court were knowingly

15

or intentionally false or misleading. Conclusory arguments that underlying documents or orders are evidence of false or misleading statements, without more, are insufficient to meet the Gookins parties' burden to present definite, competent evidence in rebuttal to the defendants' motion. Accordingly, the County Materials parties are entitled to summary judgment on Count II.

## IV. CONCLUSION

For the foregoing reasons, the court:

(1) GRANTS the Gookins parties' motion to dismiss [Doc. No. 145] as to Counterclaim I and DISMISSES Counterclaim I for lack of subject-matter jurisdiction;

(2) DENIES the motion to dismiss [Doc. No. 145] as to Counterclaims II and III;

(3) DENIES the Gookins parties' motion for partial summary judgment as to liability on Count I [Doc. Nos. 127, 128, and 129] with leave to refile after the underlying matter has been resolved in state court;

(4) DENIES the County Materials parties' motion for partial summary judgement as to liability on Count I [Doc. No. 150] with leave to refile after the underlying matter has been resolved in state court;

(5) GRANTS the County Materials parties' motion for summary judgment [Doc. No. 150] as to Count II;

(6) DENIES the County Materials parties' motion for summary judgment [Doc. No. 150] as to Counterclaims I, II, and III; and

(7) STAYS this action pending resolution of all underlying state court matters.

SO ORDERED.

ENTERED:   September 21, 2020

   /s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution:
All electronically registered counsel of
record

17